## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| | ) | **Chief District Judge Greg N. Stivers** |
| | ) | |
| Rebekah A. Atkins, | ) | |
| Plaintiff, | ) | |
| VS | ) | CASE NO. __3:21-cv-295-BJB__ |
| | ) | |
| U.S District Clerk's Office | ) | JURY TRIAL DEMANDED |
| James J. Vilt, Jr, Clerk | ) | |
| U.S Bankruptcy Clerk, | ) | |
| Elizabeth Parks, | ) | |
| All Staff-named or unnamed, | ) | |
| & unknown Defendants, | ) | |
| See attached, et al. | ) | |
| DEFENDANTS, | ) | |

> **FILED**
> JAMES J. VILT JR,
> CLERK
>
> 5/10/2021
> U.S. DISTRICT COURT
> WESTERN DISTRICT OF KENTUCKY

MS. ATKINS'S VERIFIED CIVIL COMPLAINT AGAINST FEDERAL CLERKS

---

PARTIES

PLAINTIFF;
Pro Se, Rebekah A. Atkins, Sui Juris,
5017 E. Tunnel RD
Marengo, IN 47140
Rael22a@aol.com
(812) 365-9708

DEFENDANTS;

DEFENDANT 1;
James J. Vilt, Jr, Clerk of Court, Main: (502) 625-3500
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 2;
Drew D'Agostino, Chief Deputy  (502) 625-3508
Gene Snyder United States Courthouse

# Ms. Atkins's Civil Complaint against Federal Clerks | 2021

U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 3;
Kim Ferguson, deputy clerk-front office Main: (502) 625-3500
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 4;
Jerry Phares (502) 625-3550
Intake
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 5;
Sarah Jeffries        (502) 625-3556
Case Administrator
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 6;
Ross Anderson        (502) 625-3570
Network Systems Engineer
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 7;
Nicole Bell    (502) 625-3576
Systems Engineer
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 8;

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

Becky Boyd  (502) 625-
Court Reporter
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 9;
Emily Braun         (502) 625-3565
Human Resources Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 10;
Theresa Burch        (502) 625-3546
Case Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 11;
Megan Diffenderfer        (502) 625-3543
Procurement Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 12;
April Dowell (502) 625-3779
Court Reporter
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 13;
Candace Byrd        (502) 625-3596
Budget and Financial Specialist
Gene Snyder United States Courthouse
U.S. District Clerk's Office

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 14;
Michelle L. Goetzinger      (502) 625-3548
CM/ECF Administrator
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 15;
Stephanie Gregory (502) 625-3515
Staff Attorney; {*KY Bar shows no license?*}
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 16;
Jillian Harris      (502) 625-3594
Financial Administrator
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 17;
Emily Hartlage      (502) 625-3516
emily_hartlage@kywd.uscourts.gov,
Staff Attorney
Gene Snyder United States Courthouse
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 18;
Ashley Henry      (502) 625-3540
Case Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

DEFENDANT 19;
Susan Huff  (502) 625-3561
Case Administrator
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 20;
Renee Koch  (502) 625-3530
Case Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 21;
Dena Legg   (502) 625-3778
Court Reporter
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

DEFENDANT 22;
Andrea Morgan      (502) 625-3538
Case Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 23;
Joann L Spicer      (502) 625-3558
joann_spicer@kywd.uscourts.gov,
Staff Attorney
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 24;
Ken Swink   (502) 625-3574
Systems Analyst

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 25;
Natalie Thompson (502) 625-3539
Case Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 26;
Trevor Wallis        (502) 625-3580
Information Systems Manager
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202

DEFENDANT 27;
Clerk's Office
Celia Russell        (270) 393-2508
Deputy-in-Charge / Case Administrator
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175
Main: (270) 393-2500

DEFENDANT 28;
Clerk's Office
Traci Duff     (270) 393-2505
Case Manager
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175

DEFENDANT 29;
Clerk's Office
Randy Hoffman      (270) 393-2509
Systems Engineer
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175

DEFENDANT 30;

## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

Clerk's Office
Kelly Lovell  (270) 393-2507
Case Manager
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175

DEFENDANT 31;
Clerk's Office
Jessica Mercer        (270) 393-2506
ECRO Case Administrator
241 East Main Street, Suite 120
Bowling Green, KY 42101-2175

DEFENDANT 32;
Clerk's Office
Jason B. Mayfield  (270) 689-4407
Case Administrator
423 Frederica Street, Suite 126
Owensboro, KY 42301-3013
Main: (270) 689-4400

DEFENDANT 33;
Clerk's Office
Erica Skinner, (270) 689-4406
Case Manager
423 Frederica Street, Suite 126
Owensboro, KY 42301-3013

DEFENDANT 34;
Clerk's Office
Daniel Tierney        (270) 689-4405
Case Administrator / ECRO
423 Frederica Street, Suite 126
Owensboro, KY 42301-3013

DEFENDANT 35;
Clerk's Office
Robyn Rone  (270) 689-4457
robynrone@gmail.com,
Staff Attorney
423 Frederica Street, Suite 126
Owensboro, KY 42301-3013

DEFENDANT 36;

# Ms. Atkins's Civil Complaint against Federal Clerks | 2021

Clerk's Office
Kelly Harris (270) 415-6405
Deputy-in-Charge / Case Manager
501 Broadway, Suite 127
Paducah, KY 42001-6801
Main: (270) 415-6400

DEFENDANT 37;
Clerk's Office
Kelly Atkins (270) 415-6408
Case Administrator
501 Broadway, Suite 127
Paducah, KY 42001-6801

DEFENDANT 38;
Clerk's Office
Mary Butler (270) 415-6407
Case Manager
501 Broadway, Suite 127
Paducah, KY 42001-6801

DEFENDANT 39;
Clerk's Office
Melody Morris        (270) 415-6409
Jury Clerk / Operations Clerk
501 Broadway, Suite 127
Paducah, KY 42001-6801

DEFENDANT 40;
Clerk's Office
Joe Turner   (270) 415-6410
Systems Administrator
501 Broadway, Suite 127
Paducah, KY 42001-6801

DEFENDANT 41;
Clerk's Office
Terri Turner (270) 415-6417
Court Reporter
501 Broadway, Suite 127
Paducah, KY 42001-6801

DEFENDANTS;
Unknown or unnamed not yet discovered or refused to identify

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

All staff, Administrative, Assistants, and Deputy Clerks
Gene Snyder United States Courthouse
U.S. District Clerk's Office
601 W. Broadway, Rm 106
Louisville, KY 40202
Paducah, KY 42001-6801
Owensboro, KY 42301-3013
Bowling Green, KY 42101-2175

DEFENDANT 42;
Elizabeth Parks, Clerk of Court-Bankruptcy
Gene Snyder United States Courthouse
U. S. Bankruptcy Court
601 West Broadway, Suite 450
Louisville, KY  40202

DEFENDANT 43;
Jeanne Lucas, Chief Deputy Clerk
Gene Snyder United States Courthouse
U. S. Bankruptcy Court
601 West Broadway, Suite 450
Louisville, KY  40202

DEFENDANT 44;
Nichol Turner
Gene Snyder United States Courthouse
U. S. Bankruptcy Court
601 West Broadway, Suite 450
Louisville, KY  40202

DEFENDANTS;
Unknown or unnamed not yet discovered or refused to identify
All staff, Administrative, Assistants, and Deputy Clerks
Gene Snyder United States Courthouse
U. S. Bankruptcy Court for the Western District of Kentucky
601 West Broadway, Suite 450
Louisville, KY  40202

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter and parties pursuant to 28
U.S.C. § 1331, as this case involves questions of federal law. This Court also
has jurisdiction pursuant to Court rules of access & case laws etc…

# Ms. Atkins's Civil Complaint against Federal Clerks | 2021

 Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

Assignment to the Louisville Division of this Court is proper because the Clerk is headquartered in this Division & all of this District is governed from there.

## DISCLOSURE STATEMENT

Ms. Atkins states that there is no such corporation. As Ms. Atkins is an indigent-individual on SSDI and SNAP and doesn't and isn't a Corporation; only an individual with no stocks, bonds nor controlling interest etc…

## INTRODUCTION

Comes now this 10th day of May of 2021,  Pro Se, Plaintiff, I, Rebekah A. Atkins, Sui Juris and state upon my oath to the best of my ability and knowledge the following to wit;

## STATEMENT OF CLAIM

1.  Ms. Atkins doesn't have any Attorneys. Ms. Atkins cannot obtain any Attorneys.

2.  Ms. Atkins needs access to the Federal Courts' official Electronic courts' database/system/computerized—PACER, PACER's Public Access Terminals which Ms. Atkins understands is supposed to be located in the Lobby of each and every Federal Clerks' Offices for the access and usage of by the Public for PACER Nation-Wide & U.S. Territories, searchable, viewable, accessibility free of charges thereof.

3.  Ms. Atkins understand the Western District of Kentucky both the District clerks and the Bankruptcy clerks refuses to provide to Public Persons &-Ms. Atkins; access to the federal official electronic court system—PACER, PACER's Public

Access Terminals.

4. Ms. Atkins understands the U.S. District Court- Western District of Kentucky both the District clerks and the Bankruptcy clerks shut down-sign-out of the federal government computer system to specifically deny Ms. Atkins of all access to the federal courts' official PACER.

5. Ms. Atkins understand the Western District of Kentucky both the District clerks and the Bankruptcy clerks shuts down the office and refuses to work when Ms. Atkins is in the office.

6. Ms. Atkins understand the Western District of Kentucky both the District clerks and the Bankruptcy clerks loads a *FAKE OFFLINE SYSTEM*.

7. Ms. Atkins understand the Western District of Kentucky both the District clerks and the Bankruptcy clerks then attempts to allege to Ms. Atkins; that the clerks only have ECF/CM for the western district/bankruptcy court on the public access terminals for the public to access; that's all period.

8. Ms. Atkins understand that according to the E-Government Act of 2002, PACER, and the (AO) Administrative Office of the Federal Courts of U.S that all Federal Clerks' Offices are to have PACER's Public Access Terminals for the Public and Ms. Atkins's Access thereof free of charge to search, view and obtain case information Nationwide. (https://www.uscourts.gov/topics/administrative-office-us-courts)

9. Ms. Atkins understands that every single employee of the clerks' offices is trained to engage in denying Public persons and Ms. Atkins's access to PACER

PACER's Public Access Terminals.

10. Ms. Atkins understands that the U.S. District Court-Western District of Kentucky clerk's office has pro se staff attorneys engaging in "*shadow judge*"; on pro se filers' Complaints.

11. Ms. Atkins is Pro Se, Indigent/ In Forma Pauperis Litigant; these alleged Pro Se Staff Attorneys cannot by the laws; nor can this District Court-judges "*SCREEN*" Ms. Atkins's COMPLAINT; as Ms. Atkins is not a Prisoner.

12. Defendants named or unnamed but referenced to herein; Appears to Ms. Atkins Defendants/Clerks are operating in their respective Individual Capacity(s) not Clerks' Official Capacity(s); as all Defendants appears are operating outside of the scope and Parameters of the State of Indiana & Federal Laws, Rules, Guidelines, Court Rules, Policies, Constitutions, Common Laws, Common Sense and Common Decency.

13. Ms. Atkins understands PACER's Public Access Terminal; is supposed to be useable, searchable by and for the Public; and isn't supposed to interfere with the Clerks' working; Infact it was designed for the public to help themselves, and not require the clerks to spend all that time locating, researching, showing documents/cases/records with that member of the public.

## NATURE OF THIS ACTION

14. This is an action brought pursuant to Federal Laws, Federal Rules, Regulations U.S. Constitution, and Federal Court Rules, Polices, Procedures, Federal Case laws, and Kentucky statutory, Constitution, Indiana Rules of Court, Policies, Procedures,

## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

Kentucky Case Laws, and common law.

15. Ms. Atkins seeks injunctive and declaratory relief, TRO, preliminary injunctions and penalties, and her reasonable attorneys' fees and litigation expenses as remedies for Defendants' violations of her rights, due process under the Federal Laws, Federal Rules, Regulations, U.S. Constitution, Federal case laws, and Federal Court Rules, Polices, Procedures and Kentucky statutory laws, The Open Records Act (OPR), Constitution, Kentucky Rules of Court, Policies, Procedures, case laws, and common law.

16. Through the filing hereof this Legal-Lawful and Legitimate Complaint, Ms. Atkins intervenes as of Ms. Atkins's rights OF ACCESS TO PACER, PACER'S PUBLIC ACCESS TERMINALS LOCATED IN THE LOBBY(S) OF ALL FEDERAL CLERKS OFFICES.

### STATEMENT OF FACTS

17. At all times material to this action, Ms. Atkins is and remains ILLICITLY DEPRIVED AND RESTRAINED OF ALL ACCESS TO THE FEDERAL COURTS' OFFICIAL PACER by the Defendants/clerks herein & hereof.

### EXHAUSTION OF REMEDIES

18. To the best of Ms. Atkins's Knowledge Ms. Atkins has timely filed this action and has complied with all prerequisites to bring this Complaint.

19. Ms. Atkins on May 10th 2021, went to these respective clerk's offices; for official access to PACER; the defendants have conspired to set-up and apparently run the office to specifically deny Ms. Atkins of all Access thereof.

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

19. The Bankruptcy clerk's office; apparently do not allow public to interact or

complain to any bosses.

20. The U.S. District Court's Clerk James J. Vilt, Jr. directly answerable to the U.

S. District Court's Chief Judge; Clerk Vilt spoke with Ms. Atkins in-person; and

denied Ms. Atkins's access to PACER, PACER's Public Access Terminals.

### FIRST CLAIM FOR RELIEF

Smith v. United States, 956 F.2d 647 (7th Cir. 1992) (another Smith), there is a
federal common law right to access to federal judicial records which can be enforced
by means of an ordinary suit under 28 U.S.C. § 1331 (the federal-question
jurisdiction).

The public, including the parties to a suit, have a right of access to the records of a
judicial proceeding. E.g., In re Associated Press, 162 F.3d 503, 506 (7th Cir. 1998);
San Jose Mercury News, Inc. v. U.S. District Court, 198 F.3d 1096, 1102 (9th Cir.
1999); United States v. Smith, 123 F.3d 140, 155 (3d Cir. 1997).

Douglas Smith, Plaintiff-appellant, v. United States District Court Officers,
Defendants-appellees, 203 F.3d 440 (7th Cir. 2000)
US Court of Appeals for the Seventh Circuit - 203 F.3d 440 (7th Cir. 2000)
Submitted December 23, 1999Decided February 7, 2000

The federal common law right of access to judicial records and documents is well
recognized. Nixon v. Warner Communications, Inc.,435 U.S. 589, 597, 98 S.Ct. 1306,
1311, 55 L.Ed.2d 570 (1978). This right of access applies to civil as well as criminal
cases; it can also apply to pretrial proceedings. In re Continental Illinois Securities
Litigation,732 F.2d 1302, 1308-09 (7th Cir. 1984).
Smith v. U.S. Dist. Court, 956 F.2d 647, 649-50 (7th Cir. 1992)

Local Rule 5-8 – Public Access to Cases Filed Electronically
Any person may review any unsealed document that has been filed with the
court:
(a) in person at the clerk's office; or
(b) via the court's internet site (www.insd.uscourts.gov) if they have a PACER
log-in and password.

https://www.rcfp.org/open-courts-compendium/7th-circuit/

Amendment I

14

## Ms. Atkins's Civil Complaint against Federal Clerks    | 2021

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

Vanderbilt Law Review
Volume 39
Issue 5 - October 1986 Article 6
10-1986
Public Access to Civil Court Records: A Common Law Approach
Ronald D. May
39 Vanderbilt Law Review 1465 (1986)

Available at: https://scholarship.law.vanderbilt.edu/vlr/vol39/iss5/6

The right to inspect and copy judicial records is an ancient doctrine under English common law.11 In England the common law allows both a person who has a proprietary interest in a document and a person who needs a document as evidence to enforce a right of access in court.'2 In the United States the right of access to judicial records is even broader." American courts have interpreted the common law as allowing all citizens the right of access to judicial records."" This right stems from the conviction that all persons should be able to view the government in operation and to learn how it functions. 15

fed. r. civ. p. Rule 77. Conducting Business; Clerk's Authority; Notice of an Order or Judgment
 (a) When Court Is Open. Every district court is considered always open for filing any paper, issuing and returning process, making a motion, or entering an order.

(b) Place for Trial and Other Proceedings. Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom. Any other act or proceeding may be done or conducted by a judge in chambers, without the attendance of the clerk or other court official, and anywhere inside or outside the district. But no hearing—other than one ex parte—may be conducted outside the district unless all the affected parties consent.

(c) Clerk's Office Hours; Clerk's Orders.

(1) Hours. The clerk's office—with a clerk or deputy on duty—must be open during business hours every day except Saturdays, Sundays, and legal holidays. But a court may, by local rule or order, require that the office be open for specified hours on Saturday or a particular legal holiday other than one listed in Rule 6(a)(6)(A).

E-Government Act of 2002,

## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

SEC. 205. FEDERAL COURTS.
(a) (1) Location and contact information for the courthouse, including the telephone numbers and contact names for the clerk's office and justices' or judges' chambers.

(4) Access to docket information for each case.

(c) ELECTRONIC FILINGS.— (1) IN GENERAL.—Except as provided under paragraph (2) or in the rules prescribed under paragraph (3), each court shall make any document that is filed electronically publicly available online. A court may convert any document that is filed in paper form to electronic form. To the extent such conversions are made, all such electronic versions of the document shall be made available online.

(d) DOCKETS WITH LINKS TO DOCUMENTS.—The Judicial Conference of the United States shall explore the feasibility of technology to post online dockets with links allowing all filings, decisions, and rulings in each case to be obtained from the docket sheet of that case.

44 USC 3501

H.R. 8235, the Open Courts Act of 2020,

28 U.S. Code § 452 - Courts always open; powers unrestricted by expiration of sessions
All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders.

The Open Records Act (OPR)
61.870 Definitions for KRS 61.870 to 61.884.
As used in KRS 61.870 to 61.884, unless the context requires otherwise:
(1) "Public agency" means:
(e) Every state or local court or judicial agency;

21. Ms. Atkins incorporates by reference as if fully set forth herein the

allegations contained in paragraphs 1 – 20, above.

22. Ms. Atkins understands Both the State of Kentucky and the Federal Courts

have enhanced access for Party(s) to access the Courts and the Party's own court

cases/records/files/documents.

23. Ms. Atkins understands Ms. Atkins is supposed to have the same full Public

access to all the Federal Courts' Public Access as any Member/Citizens of the

General Public to PACER.

24. Defendants/clerks herein deny Ms. Atkins the rights of full Public Access to the

courts.

25. Defendants/clerks deny Ms. Atkins access and usage of PACER's Public Access

Terminals in the clerk's offices' lobby.

<u>SECOND CLAIM FOR RELIEF</u>

Title 5CFR §2635.704   Use of Government property.

(2) Authorized purposes are those purposes for which Government property is made
available to members of the public or those purposes authorized in accordance with
law or regulation.

§2635.705   Use of official time.

U.S. Constitution
Amendment IV
The right of the people to be secure in their persons, houses, papers, and effects,
against unreasonable searches and seizures, shall not be violated, and no warrants
shall issue, but upon probable cause, supported by oath or affirmation, and
particularly describing the place to be searched, and the persons or things to be
seized.

26. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 – 25, above.

27. Defendants/clerks have seized and arbitrarily deny Ms. Atkins of all access and

usage of PACER's Public Access Terminals-computers located in the Public Lobby of

the Federal clerk's offices for the Publics' access, research and usage thereof.

28. Defendants/clerks have seized the publics' Federal Government Courts'

Computerized Systems/databases contrarily to the laws and shut down the said

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

publics' Governmental computer to specifically deny all access thereof to Ms.

Atkins; which is against the U.S. Constitution, Federal Laws, and Kentucky State

Laws.

### THIRD CLAIM FOR RELIEF

18 U.S. Code § 241 - Conspiracy against rights
18 U.S. Code § 242 - Deprivation of rights under color of law
18 U.S. Code § 245 - Federally protected activities
(b)Whoever, whether or not acting under color of law, by force or threat of force
willfully injures, intimidates or interferes with, or attempts to injure, intimidate or
interfere with—
(1)any person because he is or has been, or in order to intimidate such person or any
other person or any class of persons from—
(B) participating in or enjoying any benefit, service, privilege, program, facility, or
activity provided or administered by the United States;
18 U.S. Code § 245(b)(5)

11 U.S. Code § 107 - Public access to papers

29. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 – 28, above.

30. Defendants/clerks have seized and arbitrarily deny Ms. Atkins of all access and

usage of PACER's Public Access Terminals-computers located in the Public Lobby of

the Federal clerk's offices for the Publics' access, research and usage thereof.

### FOURTH CLAIM FOR RELIEF

18 U.S. Code § 287 - False, fictitious or fraudulent claims
18 U.S. Code § 286 - Conspiracy to defraud the Government with respect to claims
18 U.S. Code § 285 - Taking or using papers relating to claims

18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers
18 U.S. Code § 514 - Fictitious obligations
18 U.S. Code § 472 - Uttering counterfeit obligations or securities
18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States
18 U.S. Code § 373 - Solicitation to commit a crime of violence

## Ms. Atkins's Civil Complaint against Federal Clerks   | 2021

18 U.S. Code § 372 - Conspiracy to impede or injure officer

18 U.S. Code § 641 - Public money, property or records
18 U.S. Code § 645 - Court officers generally
18 U.S. Code § 872 - Extortion by officers or employees of the United States
18 U.S. Code § 880.Receiving the proceeds of extortion
18 U.S. Code CHAPTER 47—FRAUD AND FALSE STATEMENTS

18 U.S. Code CHAPTER 25—COUNTERFEITING AND FORGERY

18 U.S. Code § 1028 - Fraud and related activity in connection with identification
documents, authentication features, and information

18 U.S. Code § 1028A - Aggravated identity theft

31. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 – 30, above.

32. Defendants/Clerks unlawful actions were intentional, willful, malicious, and/or

done with reckless disregard to Ms. Atkins's rights, due process and contrary to all

the laws of America, State of Kentucky etc…

33. Ms. Atkins is entitled to her reasonable attorneys' fees and costs of suit.

### SIXTH CLAIM FOR RELIEF

18 U.S. Code § 1501 - Assault on process server
18 U.S. Code § 1505 - Obstruction of proceedings before departments, agencies, and
committees
18 U.S. Code § 1506 - Theft or alteration of record or process; false bail


18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant
18 U.S. Code § 1513 - Retaliating against a witness, victim, or an informant
18 U.S. Code § 1514 - Civil action to restrain harassment of a victim or witness

 Ms. Atkins understands according to the case law below; a non-prisoner in forma
pauperis, pro se filer isn't to be screened severely like a *prisoner*!

*Olivas v. Nevada, ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017)*

*The definition of "prisoner" at issue in Page and Talamantes is the same definition at issue here. See 28 U.S.C. §§ 1915(h), 1915A(c) ; 42 U.S.C. § 1997e(h). Accordingly, we hold that a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." This reading is consistent with Page and Talamantes , as well as with the plain language of the statute.*

*Because it is undisputed that Olivas was released from custody a month before he filed his complaint, the screening requirement of 28 U.S.C. § 1915A does not apply to his claims. The district court therefore erred in subjecting them to screening.*

*The district court treated the lawsuit as one brought by a prisoner and thus applied the screening procedures established by § 1915 of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, dismissing the Complaint pursuant to those procedures. We hold that 28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints. Because Olivas was not so incarcerated, his claims should not have been subjected to § 1915A screening.*

34. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 33, above.

35. The Defendants/Clerks have instituted a hostile, intimidating environment against Ms. Atkins. To Ms. Atkins appears there is no Federal Clerk's Office!

36. The Defendants/clerks have appears systematically engaged in interfering with Ms. Atkins's ability to complain to Law Enforcement on specific defendants and or to even File Ms. Atkins's Complaint Against the Clerks in Federal Court with the Chief Judge of this Court.

37. Appears the Defendants/clerks systematically illicitly engage in Intimidation, harassment, threats, coercion, and interference with/against Ms. Atkins's (a Victim/Witness/Complainant/litigant) access to the Courts.

38. Defendants/clerks/pro se staff attorney alleges the clerk's office will screen Ms.

Atkins's complaint. Defendants/clerks aren't allowed to SCREEN Ms. Atkins's

Complaint as Ms. Atkins is not a Prisoner.

## SEVENTH CLAIM FOR RELIEF

5 USC Section 2302(b)(9)(D) makes it a prohibited personnel practice for an agency to "take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of— …(D) for refusing to obey an order that would require the individual to violate a law[.]"

https://www.uscourts.gov/sites/default/files/vol02a-ch03_0.pdf

Guide to Judiciary Policy
Vol 2: Ethics and Judicial Conduct
Pt A: Codes of Conduct
Ch 3: Code of Conduct for Judicial Employees

With the adoption of the Code of Conduct for Judicial Employees on September 19, 1995, the Judicial Conference repealed the Code of Conduct for Clerks (and Deputy Clerks),;

5 U.S. Code § 3110

18 U.S.C. § 285 (taking or using papers relating to government claims);
• 18 U.S.C. § 287 (false, fictitious, or fraudulent claims against the government);

• 18 U.S.C. § 641 (embezzlement or conversion of government money, property, or records);
• 18 U.S.C. § 643 (failing to account for public money);
• 18 U.S.C. § 798 and 50 U.S.C. § 783 (disclosure of classified information);
• 18 U.S.C. § 1001 (fraud or false statements in a government matter);
• 18 U.S.C. § 2071 (concealing, removing, or mutilating a public record);
• 31 U.S.C. § 3729 (false claims against the government).
In addition, provisions of specific applicability to court officers include:
• 18 U.S.C. § 645 (embezzlement and theft by court officers);

39. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

contained in paragraphs 1 – 38, above.

40. Appears the Defendants/clerks are systematically engaged in prohibited practices against Plaintiff-Ms. Atkins in these matters; by the Defendants/clerks willful vicious conduct against Ms. Atkins in denying Ms. Atkins of all access to the Federal Courts' PACER's Public Access Terminals located in the publics' lobby of the publics' federal clerk's offices.

### EIGHTH CLAIM FOR RELIEF

NO Qualified Immunity

https://www.lawfareblog.com/what-qualified-immunity-and-what-does-it-have-do-police-reform

The landmark case of Harlow v. Fitzgerald (1982) articulated the modern formulation of qualified immunity that controls today. Jettisoning past precedent that examined the "subjective good faith" of the officer who committed the alleged violation, the Harlow court adopted a new test framed in "objective terms." In Harlow, the court established that a plaintiff could overcome qualified immunity only by showing that the defendant's conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." While the court made clear that the new standard was intended to be more protective of government officials than its previous test, the court also stated that the standard "provide[d] no license to lawless conduct." "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct," the court wrote.

41. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 40, above.

42. The Defendants/Clerks cannot claim Qualified Immunity for the Defendants/clerks lawless actions, illicit conduct and malicious behavior against Ms. Atkins in these matters. Appears the Defendants/clerks are acting in Individual Capacity not Official Capacity as the Defendants/clerks actions & conduct are

# Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

utterly completely outside the scope and Parameters of the Laws, rules etc..

governing the prescribed operation of the Federal District Clerk's Office & clerks

duties thereof.

## NINTH CLAIM FOR RELIEF

18 U.S. Code § 1345 - Injunctions against fraud
**28 U.S. Code § 1335,** 28 U.S. Code § 2361

Local Rule 65-2 - Motions for Preliminary Injunctions and Temporary Restraining
Orders (a) Preliminary Injunctions. The court will consider a request for
preliminary injunction only if the movant files a separate motion for relief and
complies with Fed. R. Civ. P. 65(a). Supporting and response briefs are not required,
but the court may request them. (b) Temporary Restraining Orders. The court will
consider a request for temporary restraining order only if the movant files a
separate motion for relief with a supporting brief. The movant must also comply
with Fed. R. Civ. P. 65(b).

Rule 65. Injunctions and Restraining Orders
Primary tabs
(a) PRELIMINARY INJUNCTION.
    (1) *Notice.* The court may issue a preliminary injunction only on notice to the
adverse party.
    (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after
beginning the hearing on a motion for a preliminary injunction, the court may
advance the trial on the merits and consolidate it with the hearing. Even when
consolidation is not ordered, evidence that is received on the motion and that
would be admissible at trial becomes part of the trial record and need not be
repeated at trial. But the court must preserve any party's right to a jury trial.
(b) TEMPORARY RESTRAINING ORDER.
    (1) *Issuing Without Notice.* The court may issue a temporary restraining order
without written or oral notice to the adverse party or its attorney only if:
        (A) specific facts in an affidavit or a verified complaint clearly show that
immediate and irreparable injury, loss, or damage will result to the movant
before the adverse party can be heard in opposition; and
        (B) the movant's attorney certifies in writing any efforts made to give notice
and the reasons why it should not be required.
    (2) *Contents; Expiration.* Every temporary restraining order issued without
notice must state the date and hour it was issued; describe the injury and state
why it is irreparable; state why the order was issued without notice; and be
promptly filed in the clerk's office and entered in the record. The order expires at
the time after entry—not to exceed 14 days—that the court sets, unless before

# Ms. Atkins's Civil Complaint against Federal Clerks | 2021

that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND RESTRAINING ORDER.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) OTHER LAWS NOT MODIFIED. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader;

ATTORNEY'S HANDBOOK
UNITED STATES DISTRICT COURT
Current as of September 26, 2019
Emergency Matters; Motions Judge
a. Requests for Temporary Restraining Order or Preliminary Injunction

Requests for preliminary injunction or temporary restraining order are governed by Fed. R. Civ. P. 65 and Local Rule 65-2. The court will only consider a request for preliminary injunction or for a temporary restraining order when the moving party files a separate motion for such relief. A motion for temporary restraining order must comply with all requirements of Fed. R. Civ. P. 65(b), and must be filed with a supporting brief.

*Such motions are presented to the court immediately upon filing.* The court, however, expects that every reasonable effort has been made to reach an accord with opposing counsel on the issues advanced in the motions before relief in the

## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

form of these extraordinary remedies is sought. Once such a request is made, counsel should coordinate the scheduling and other aspects of a hearing or conference with the assigned Judge's courtroom deputy clerk.

43. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 42, above.

44. Ms. Atkins has provided Notice to the Defendants/clerks on Ms. Atkins's intentions to file this Complaint and attached to this Complaint a "Motion for TRO" against the defendants/clerks in these matters.

45. Ms. Atkins understands by Federal Laws; Injunctions, TROs, must immediately issue upon the evidence Fraud is being committed and that is properly presented to the Court; and Preliminary Injunctions must be held at an expedited court hearing.

### **TENTH CLAIM FOR RELIEF**

Practice of Law
A judicial employee should not engage in the practice of law

28 U.S.C § 955.Practice of law restricted

The clerk of each court and his deputies and assistants shall not practice law in any court of the United States.

28 U.S. Code § 94 – Indiana

46. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 45, above.

47. The Defendants/clerks allege that deputy clerks/pro se staff attorneys SCREEN pro se litigants' Complaints, do rejection/dismissal, prior to or before even allowing the Complaint to be filed with an Article III U.S. District Judge-Court. That appears to be engaging and practicing Law.

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

<u>ELEVENTH CLAIM FOR RELIEF</u>

18 U.S. Code § 1621 - Perjury generally

18 U.S. Code CHAPTER 115—TREASON, SEDITION, AND SUBVERSIVE ACTIVITIES

18 U.S. Code CHAPTER 73—OBSTRUCTION OF JUSTICE

18 U.S. Code CHAPTER 96—RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

18 U.S. Code § 1661.Robbery ashore

18 U.S. Code § 2076 - Clerk of United States District Court
Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S. Code § 2071 - Concealment, removal, or mutilation generally
42 U.S. Code § 1981.Equal rights under the law

48. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 –47, above.

49. Appears the Defendants are engaged in Obstruction of Justice by denying Ms.

Atkins of all access to the OFFICIAL courts records/cases, PACER etc…

50. Defendants/Clerks that are denying Ms. Atkins of all access to PACER are

committing Federal Crimes against Ms. Atkins and are subject to fines and

Imprisonment.

<u>TWELVETH CLAIM FOR RELIEF</u>

28 U.S. Code § 151 - Designation of bankruptcy courts

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district.

Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

https://www.law.cornell.edu/rules/frbp/rule_9001

Federal Rules of Bankruptcy Procedure Rule 9001. General Definitions
(3) "Clerk" means bankruptcy clerk, if one has been appointed, otherwise clerk of
the district court.

51. Ms. Atkins incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 – 50, above.

52. Ms. Atkins understands these federal laws, rules correctly; that means District

Court with a unit under/part as Bankruptcy Court? And District Clerk's Office

with a unit under/part or district clerks also appointed to be bankruptcy clerks?

53. Defendants' unlawful actions were intentional, willful, malicious, and/or done

with reckless disregard to Ms. Atkins's life, rights, Due Process etc…

54. Appears to Ms. Atkins the Bankruptcy Clerks are governed under/by the

District Clerk's Office-Defendant/Clerk Vilt.

55. All Bankruptcy Clerk's offices denied Ms. Atkins public access and usage of the

publics' PACER's Public Access Terminals to be able to search the Official

Electronic Federal Courts' database/system.

### <u>THIRTEENTH CLAIM FOR RELIEF</u>

28 U.S. Code § 1361.Action to compel an officer of the United States to perform his
duty

18 U.S. Code § 401 - Power of court

A court of the United States shall have power to punish by fine or imprisonment, or
both, at its discretion, such contempt of its authority, and none other, as—
(1)Misbehavior of any person in its presence or so near thereto as to obstruct the
administration of justice;
(2)Misbehavior of any of its officers in their official transactions;
(3)Disobedience or resistance to its lawful writ, process, order, rule, decree, or

command.

18 U.S. Code § 402 - Contempts constituting crimes

Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia, by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both.

56. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 55, above.

57. Ms. Atkins seeks and brings an attached Motion for Contempt of Court and Show Cause Hearing to be had against all Defendants/Clerks, named or unnamed herein or others involved in these fraudulent, illicit court actions; and for their denial of public access to Ms. Atkins TO federal official PACER, PACER's Public Access Terminals.

58. Ms. Atkins seeks orders by this Court of compelling the officers of this court to behave in accordance with the laws and provide all public access, PACER, PACER's Public Access Terminals located in the publics' lobby of the publics' federal clerk's office to Ms. Atkins as required.

59. For the Defendants/Clerks to quit shutting the Clerk's Offices down and signing out during regular/normal Business hours the instant Ms. Atkins steps into the office; solely and specifically to Deny Ms. Atkins of all Public Access and Usage thereof of the Federal Courts' Official Electronic/Computerized Database/System Cases/Records/Documents thereof on the Federal courts' PACER's Public Access

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

Terminals.

### FOURTEENTH CLAIM FOR RELIEF

DEFENDANTS/CLERKS SHOULD BE REQUIRED TO PAY ALL COURT COSTS, FEES AND ATTORNEY FEES!

Vanderbilt Law Review
Volume 39
Issue 5 - October 1986 Article 6
10-1986
Public Access to Civil Court Records: A Common Law Approach
Ronald D. May
Follow this and additional works at: https://scholarship.law.vanderbilt.edu/vlr
Part of the First Amendment Commons, and the Securities Law Commons
Recommended Citation
Ronald D. May, Public Access to Civil Court Records: A Common Law Approach, 39 Vanderbilt Law Review
1465 (1986)

Available at: https://scholarship.law.vanderbilt.edu/vlr/vol39/iss5/6

The right to inspect and copy judicial records is an ancient doctrine under English common law.11 In England the common law allows both a person who has a proprietary interest in a document and a person who needs a document as evidence to enforce a right of access in court.'2 In the United States the right of access to judicial records is even broader." American courts have interpreted the common law as allowing all citizens the right of access to judicial records."" This right stems from the conviction that all persons should be able to view the government in operation and to learn how it functions. 15

https://www.everycrsreport.com/reports/94-970.html

There are also roughly two hundred statutory exceptions, which were generally enacted to encourage private litigation to implement public policy. Awards of attorneys' fees are often designed to help to equalize contests between private individual plaintiffs and corporate or governmental defendants. Thus, attorneys' fees provisions are most often found in civil rights, environmental protection, and consumer protection statutes.

In addition, the Equal Access to Justice Act (EAJA) makes the United States liable for attorneys' fees of up to $125 per hour in many court cases and administrative proceedings that it loses (and some that it wins) and fails to prove that its position was substantially justified. EAJA does not apply in tax cases, but a similar statute,

## Ms. Atkins's Civil Complaint against Federal Clerks | **2021**

26 U.S.C. § 7430, does.

Most Supreme Court decisions involving attorneys' fees have interpreted civil rights statutes, and this report focuses on these statutes. It also discusses awards of costs other than attorneys' fees in federal courts, how courts compute the amount of attorneys' fees to be awarded, statutory limitations on attorneys' fees, and other subjects. In addition, it sets forth the language of all federal attorneys' fees provisions, and includes a bibliography of congressional committee reports and hearings concerning attorneys' fees.

The private attorney general doctrine provides that a plaintiff "should be awarded attorneys' fees when he has effectuated a strong Congressional policy which has benefited a large class of people, and where further the necessity and financial burden of private enforcement are such as to make the award essential."9 Many of the statutory exceptions to the American rule are based on this concept. In Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968), the Supreme Court, discussing one such exception, wrote:

If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive power of the federal courts. Congress therefore enacted the provision for counsel fees ... to encourage individuals injured by racial discrimination to seek judicial relief under Title II [42 U.S.C. § 2000a-3(b)].
fed. r. civ. p.Rule 54. Judgment; Costs

https://www.justice.gov/jm/civil-resource-manual-220-attorneys-fees
The most generally applicable statute authorizing attorney's fees awards against the United States is the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which makes the federal government liable for fees where:

(1) any other party would be liable under common law or under the terms of any federal statute which specifically provides for such an award, 28 U.S.C. § 2412(b); or (2) in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1).
The principal grounds under which the American common law would permit attorney's fees to be awarded are the "bad faith" and "common fund" theories. The "bad faith" theory allows an award where a party has willfully disobeyed a court order or has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 129 (1974); accord Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. at 258-59. Under the "common fund" theory, a court may award attorney's fees to a party whose legal action creates or preserves a fund of money, or obtains a benefit, for others as well as itself. While 28

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

U.S.C. § 2412(b) authorizes an award of attorney's fees against the federal government where any other party would be liable under the common law, it may not authorize an award against the federal government under the "common fund" theory. See Grace v. Burger, 763 F.2d 457 (D.C. Cir.), cert. denied, 474 U.S. 1026 (1985); Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626 (11th Cir. 1984); Chevron U.S.A. Inc. v. May Oilfield Services, Inc., 739 F.2d 498 (10th Cir. 1984); Millers Mutual Ins. Ass'n of Ill. v. Wassall, 738 F.2d 302 (8th Cir. 1984); Holbrook v. Pitt, 748 F.2d 1168 (7th Cir. 1984); Jordan v. Heckler, 744 F.2d 1397 (10th Cir. 1984); Puerto Rico v. Heckler, 745 F.2d 709 (D.C.Cir. 1984); McQuiston v. Marsh, 707 F.2d 1082 (9th Cir. 1983).

60. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 59, above.

61. Defendants/clerks have refused to settle these matters outside of Court.

62. Defendants/Clerks have continued to operate the alleged Clerk's Office; appears to Ms. Atkins in these Matters; completely utterly outside the scope and parameters of all the Laws governing the Lawful operations of the Courts' Clerk's Offices and Publics' rights of access and Ms. Atkins's Party's rights of access TO PACER thereof.

63. This Court should require that due notice be had on the Defendants/clerks that they should be held accountable in accordance with Laws; and that the Defendants/clerks herein shall be held liable for all fees, court costs, attorney fees, litigation fees and other fees, fines as the court sees fit; due solely to the lawless, and fraudulent actions of these Defendants/clerks herein against Plaintiff-Ms. Atkins in these matters. As the Defendants/clerks own illicit actions and systematically refusals to correct these matters have necessitated Plaintiff, Pro Se, Ms. Atkins filing her Complaint against Defendants/clerks in Federal Court with Chief Judge Stivers thereof.

64. This court should appoint a court appointed Attorney to Assist Ms. Atkins and help represent Ms. Atkins's interest fully in this Court and the Federal Court; in handling this case, and in the prosecuting of Ms. Atkins's Complaint against the defendants/clerks in the Federal District Court before Chief Judge Stivers.

65. Ms. Atkins cannot afford an Attorney. Ms. Atkins is indigent/ In Forma Pauperis. Ms. Atkins cannot obtain an Attorney(s) on her own.

66. No public monies excuses can be used by the court in these matters; as plainly the Defendants/clerks should be required to pay reasonable Attorneys' fees to the Court's appointed Attorney(s) for Ms. Atkins.

67. This Court shall also in the Court's Order appointing an Attorney(s) for Ms. Atkins; provide written order that said Attorney can fully assist Ms. Atkins not only in the prosecution of this Complaint in federal court; but in full access of PACER And the resolving of these issues raised herein.

## FIFTEENTH CLAIM FOR RELIEF

68. Ms. Atkins incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 67, above.

69. Ms. Atkins invokes & reserves her rights to all unraised U.S. Constitutions, Federal Laws, Federal Court Rules, Regulations, Policies, Procedures',  U.S.C Titles, CFR Titles, Federal Case laws; and the State of Kentucky Constitutions, State Laws, ORA, case laws, Kentucky Supreme Court Rules, Regulations, Policies, Judicial Canons, Procedures', Professional Rules of Conduct for Attorneys etc…in these matters.

## DECLARATORY RELIEF ALLEGATIONS

A present and actual controversy exists between Ms. Atkins and Defendants/clerks concerning their rights and respective duties. Ms. Atkins contends that Defendants/clerks are violating her due process & rights of access to the Federal courts', PACER & PACER's Public Access Terminals & clerks' offices. Ms. Atkins is informed and believes and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate. Ms. Atkins seeks a judicial declaration of the respective rights and duties of the parties.

## INJUNCTIVE RELIEF ALLEGATIONS

No plain, adequate, or complete remedy at law is available to Ms. Atkins to redress the wrongs alleged herein. Ms. Atkins has brought notice to the court of the fraud and crimes being committed. Injunctions must be issued effectively and immediately to stop this fraud being committed against Ms. Atkins. If this Court does not grant the injunctive relief sought herein, Ms. Atkins will be irrevocably and irreparably harmed.

## JURY DEMAND

Ms. Atkins hereby demands a jury trial in the within-entitled action.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Atkins prays for relief as follows:

For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

For an order enjoining Defendants from engaging in the fraudulent & unlawful acts

## Ms. Atkins's Civil Complaint against Federal Clerks | 2021

complained of herein;

For Defendants/clerks to be held in Contempt of Court or be held to show cause

hearing on why the Court shouldn't hold the Defendants/clerks in contempt of court;

For full access as public to PACER & JAMS on the PACER's Public Access

Terminals in the Clerks' offices Lobby(s).

For her reasonable attorneys' fees and costs of suit pursuant to Federal laws

and other laws;

For a court appointed Attorney to be assigned to/for Ms. Atkins; and

For such other and further relief, aid, justice, equitable and remedies as this Court

deems just and proper.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I affirm under the penalties for perjury that the foregoing representations are true to the best of my knowledge and ability.

Respectfully Submitted,

Rebekah A. Atkins
Signed: _Rebekah a. atkins_

Sui Juris, May 10th 2021
Pro Se, Rebekah A. Atkins
5017 E. Tunnel RD
Marengo, IN 47140
Rael22a@aol.com
(812) 365-9708