# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**REBEKAH ATKINS**                                                                                **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:21-cv-295-BJB**

**JAMES J. VILT, JR., et al.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Rebekah Atkins filed this civil action naming as Defendants numerous employees of this Court as well as of the United States Bankruptcy Court for the Western District of Kentucky (DN 1). She also filed a motion for leave to proceed *in forma pauperis* (DN 2). On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** the application to proceed without prepayment of fees (DN 2).

### I.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff argues that her complaint cannot be screened because she is not a prisoner.[1] In fact, "[t]he Court must screen complaints filed by non-prisoners who are proceeding *in forma pauperis*." *Carpenter Jenkins v. Scotta*, No. 17-11781, 2019 WL 5680344, at *3 (E.D. Mich. Aug. 20, 2019) (citing *McGore* and § 1915(e)(2), *report and recommendation adopted*, No. 2:17-cv-11781, 2019 WL 4686474 (E.D. Mich. Sept. 26, 2019); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (noting that "all of the circuit courts to

---

[1] Plaintiff cites *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017), for the proposition that because she is not a prisoner, her complaint cannot be screened. However, in that case, the plaintiff was not proceeding *in forma pauperis*; the filing fee had been paid.

address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B)"). The Sixth Circuit Court of Appeals has explained the screening standard for complaints in *in forma pauperis* cases as follows.

> Under § 1915(e)(2)(B), district courts must dismiss any complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* [*Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010)]. A claim is frivolous when it is based on "fantastic or delusional" factual allegations or on legal theories that are indisputably without merit. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[T]o survive scrutiny under § … 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a pro se litigant is entitled to a liberal construction of her pleadings and filings, our standard of review requires more than the bare assertion of legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). A plaintiff "must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

*Bartlett v. Kalamazoo Cty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. Aug. 22, 2018).

On review of the complaint pursuant to § 1915(e)(2) and employing the liberal construction applicable to *pro se* pleadings, the Court dismisses this lawsuit for the following reasons.

## II.

The complaint states that Plaintiff needs access to the electronic database PACER through "public-access terminals," which according to the Plaintiff are "supposed to be located in the Lobby of each and every Federal Clerk's Offices for the access and usage of by the Public for PACER Nation Wide & U.S. Territories, searchable, viewable, accessibility free of charges

thereof."[2]  Complaint (DN 1) ¶ 2.  She asserts that "the Western District of Kentucky both the District clerks and the Bankruptcy clerks refuses to provide to Public Persons & Ms. Atkins access to the federal official electronic court system – PACER."  Id. ¶ 3.  Allegedly, this is done as follows:

> [T]he U.S. District Court- Western District of Kentucky both the District clerks and the Bankruptcy clerks shut down-sign-out of the federal government computer system to specifically deny Ms. Atkins of all access to the federal courts' official PACER [and] the Western District of Kentucky both the District clerks and the Bankruptcy clerks shuts down the office and refuses to work when Ms. Atkins is in the office.

Id. ¶¶ 4–5.

Plaintiff alleges that the district and bankruptcy clerks "load[] a *FAKE OFFLINE SYSTEM*."  She further alleges that "both the District clerks and the Bankruptcy clerks then attempts to allege to [Plaintiff] that the clerks only have ECF/CM for the western district/bankruptcy court on the public access terminals for the public to access; that's all period."  Id. ¶ 7.  She states that on May 10, 2021, she "went to these respective clerk's offices; for official access to PACER; the defendants have conspired to set up and apparently run the office to specifically deny Ms. Atkins of all Access thereof."  Id. ¶ 19.  Plaintiff claims that she is entitled to relief under federal common law.  She also cites the Fourth Amendment, federal regulations, multiple provisions of criminal law contained in Title 18 of the U.S. Code, provisions of Titles 5 and 28 of the U.S. Code, and 42 U.S.C. § 1981.  Plaintiff seeks declaratory and injunctive relief.

---

[2] "'PACER' is an acronym for Public Access to Court Electronic Records.  It is an electronic public access service that allows users to obtain case and docket information from the federal courts, including the bankruptcy courts." In re Gunter, 389 B.R. 67, 69 (Bankr. S.D. Ohio 2008).

### III.

### *A. Claim under federal common law*

The Court reads Plaintiff's complaint to assert that the district and bankruptcy courts' clerk's offices refused her access to PACER at their public-access terminals; that these clerk's offices loaded a "*FAKE OFFLINE SYSTEM*"; and that the public-access terminals only access Western District of Kentucky cases. Compl. ¶¶ 4–7.

Plaintiff, however, wants access to all cases across the nation, though she does not explain why. Nor does she explain why she cannot register for a PACER account, which would allow her to search from any computer with internet access. She also does not explain the basis for alleging that clerks' offices load a fake offline system.

The law recognizes a right to access federal court records. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted)). But that right is not as absolute and broad as Plaintiff seems to believe. *See id.* ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute."). The precedents she cites are distinguishable because they all involved particularized requests for specific (and often sealed or protected) documents: *Nixon* (television networks sought access to recordings introduced during a criminal trial); *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441–42 (7th Cir. 2000) (plaintiff sought copies of audiotapes of proceedings in his criminal case tried in federal court); *San Jose Mercury News v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1102–03 (9th Cir. 1999) (newspaper sought investigatory report commissioned by the city in connection with a sexual harassment suit); *In re Assoc. Press*, 162 F.3d 503, 505 (7th Cir. 1998) (press organizations petitioned for access to specific sealed records from a criminal case);

*United States v. Smith*, 123 F.3d 140, 143-44 (3d Cir. 1997) (newspapers requested access to sealed materials in a criminal case regarding a state-lottery kickback scheme); *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 648 (7th Cir. 1992) (plaintiff sought access to a memorandum sent by the Clerk of the Court to all of the judges in the district); *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1304 (7th Cir. 1984) (newspapers sought report of special litigation committee in a shareholder-derivative suit). None of these cases concern access to all federal-court documents, which are presumptively available to anyone with a PACER account.

Also in this section of her complaint, Plaintiff cites "Local Rule 5.8." She appears to be referring to Local Rule 5.8 of the Southern District of Indiana.³ That Rule provides: "Any person may review any unsealed document that has been filed with the court: **(a)** in person at the clerk's office; or **(b)** via the court's internet site (www.insd.uscourts.gov) if they have a PACER log-in and password." Neither this Court nor the Bankruptcy Court for the Western District of Kentucky has adopted this Rule.

The United States Courts' website provides as follows:

> Federal case files are maintained electronically and are available through the internet-based Public Access to Court Electronic Records (PACER) service. PACER allows anyone with an account to search and locate appellate, district, and bankruptcy court case and docket information ….
>
> Case files may also be accessed from the public access terminals ***in the clerk's office of the court where the case was filed***.

---

³ The complaint refers to Indiana several times. The Court takes judicial notice of lawsuits filed by this Plaintiff in other courts. *See, e.g.*, *Hurt v. All Journalists of Radio, TV*, No. 3:16-cv-589-DJH, 2016 WL 10610562, at *2 (W.D. Ky. Oct. 20, 2016); *Landt v. Farley*, No. 4:112CV0740, 2012 WL 4473209, at *1, n.2 (N.D. Ohio Sept. 26, 2012). Plaintiff recently filed a very similar suit in the U.S. District Court for the Southern District of Indiana, naming dozens of employees of the Clerk's Office in that court. *See Atkins v. Sharpe*, No. 121-cv-898, 2021 WL 1736868 (S.D. Ind. May 3, 2021). In that case, Plaintiff alleged "that Defendants are manipulating the Public Access to Electronic Records website ('PACER') so that Plaintiff cannot locate or access the fraudulent court records." *Id*. at *3. That action was dismissed "[b]ecause the allegations in the complaint are so fanciful that they fail to engage the court's subject-matter jurisdiction[.]" *Id*. at *4.

https://www.uscourts.gov/court-records/find-case-pacer (emphasis added).  Thus, Plaintiff has not identified any rule that the public-access PACER terminals in this district are required to provide access to cases nationwide.

Again, Plaintiff provides no reason that she cannot register for a PACER account and no reason why she requires access to all cases nationwide.  Moreover, the Court finds her allegations to be internally inconsistent.  And her claims of a "conspiracy" are entirely speculative.  Some factual specificity other than the occurrence of the events themselves is needed to raise a plausible, non-speculative conspiracy claim.  *See Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) ("'[C]onspiracy claims must be pled with some degree of specificity and … vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" (citation omitted)).  The Court finds that Plaintiff fails to state a claim that a federal common law right of access to court records has been violated.

### B. Administrative Claims

The complaint also alleges a violation of 5 C.F.R. § 2635.704–05.  Part 2635 of Title 5 of the Code of Federal Regulations concerns ethical standards for employees of the executive branch.  That regulation explicitly states that no private right of action allows plaintiffs to enforce or obtain relief for any violation of these ethical standards.  5 C.F.R. § 2635.106(c) (violation of Part 2635 "does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person"); *see also Kubin v. Abode Servs. Agency*, No. 18-cv-00658, 2018 WL 776355, at *4 (N.D. Cal. Feb. 8, 2018) ("[T]here is no private right of action to enforce

6

or obtain relief for any violation of these ethical standards."). These claims will be dismissed on that basis.

### C. Fourth Amendment claim

Plaintiff cites the Fourth Amendment, alleging that Defendants have "seized" her usage of PACER's public-access terminal in the lobby of the Clerk's Office. Compl. ¶ 30.

This does not state a claim under the Fourth Amendment. A constitutional "seizure" occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992) (internal quotation marks and citation omitted); *see also KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 647 F. Supp. 2d 857, 871 (N.D. Ohio 2009). "The Fourth Amendment does not provide an absolute protection against all seizures—only unreasonable seizures." *Craft v. Billingslea*, 459 F. Supp. 3d 890, 907 (E.D. Mich. 2020).

Plaintiff has identified no property or possessory interest related to any public-access PACER terminal or information such a terminal could be used to store or access. First, Plaintiff identifies no law or rule establishing that she has a possessory interest in a public-access terminal or that the Western District of Kentucky Clerk's Office must supply these terminals. The government cannot seize something Plaintiff does not have, or have a right to. Second, to the extent Plaintiff argues that the Defendants curtailed her right to federal-court records, she has not alleged how they did so, given that she may access these records from anywhere if she registers for a PACER account. Third, Plaintiff asserts that she should have access to the public access terminal because it is free of charge. Compl. ¶ 2. But "[r]egistration of the PACER system is free," as well. *Malouf v. Detroit Med. Ctr.*, No. 10-cv-14763, 2011 WL 1465787, at *1 (E.D. Mich. Apr. 18, 2011). And "[t]he statutory right to proceed in forma pauperis … does not

include the right to obtain copies of court orders without payment therefor." *Id.* (citing *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964)); *see also Marinkovic v. Hazelwood*, No. 1:19-cv-1710, 2021 WL 50855, at *1 (N.D. Ohio Jan. 6, 2021).

### D. Claims under criminal statutes

The various criminal statutes to which Plaintiff cites do not give rise to any private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002). *See, e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (Plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242).

To the extent Plaintiff's citation of criminal statutes in a civil complaint might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, the Court dismisses Plaintiff's claims based on these statutes.

### E. Claims under other federal statutes

Plaintiff also cites 5 U.S.C. § 2302(b)(9)(D) and § 3110. Title 5 of the U.S. Code deals with Government Organization and Employees. Section 2302(b)(9)(D) prohibits an employee "who has authority to take, direct others to take, recommend, or approve any personnel action,

8

… [to] take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of … refusing to obey an order that would require the individual to violate a law, rule, or regulation[.]" Section 3110 deals with restrictions on employing relatives. Because Plaintiff does not explain how either regulation applies here, she fails to support her legal conclusion with factual allegations. *See Iqbal*, 566 U.S. at 679.

Plaintiff also cites 31 U.S.C. § 3729, the False Claims Act. This statute permits either the Attorney General or a private party to initiate a civil lawsuit alleging fraud on the Government. 31 U.S.C. §§ 3729-3733; W*alburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Plaintiff does not allege that a fraud has been perpetrated *on* the Government, however, and therefore this claim must be dismissed as well.

### F. Claim of unauthorized practice of law

Plaintiff alleges that the clerk, deputies, and assistants are prohibited from practicing law in any court. She alleges that "deputy clerks/pro se staff attorneys SCREEN pro se litigants' Complaints, do rejection/dismissal, prior to or before even allowing the Complaint to be filed with an Article III U.S. District Judge Court. That appears to be engaging and practicing Law." Compl. ¶ 47. She cites 28 U.S.C. § 955, which states that "[t]he clerk of each court and his deputies and assistants shall not practice law in any court of the United States." Plaintiff does not explain how this creates a right to file a civil suit on that basis, however, and the Court is unaware of any legal authority that would support a private right of action under 28 U.S.C. § 955. *See Zorn v. Vermont*, No. 1:11-cv-221-JGM, 2011 WL 4748255, at *3 n.2 (D. Vt. Oct. 6, 2011) (finding no authority for a private right of action under § 955). The Court dismisses this claim.

### *G. Claim under 42 U.S.C. § 1981*

Section 1981(a) of Title 42 of the United States Code provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The statute prohibits forms of racial discrimination. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608–10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute[.]" *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993) (per curiam). Further, the alleged discrimination must have taken place as a result of Plaintiff's race. *Id.* at 1088. Here, Plaintiff does not allege anywhere in her complaint that the alleged wrongdoing was based on her race, or even what her race is. Consequently, this claim must be dismissed for failure to state a claim.

### IV.

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: May 20, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
B213.009